# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JINCHAO WEI, a.k.a. Patrick Wei,<br><br>Defendant. | Case No.:  23-cr-01471-H-1<br><br>**AMENDED ORDER RE: GOVERNMENT'S REQUEST FOR ABUSE OF POSITION OF TRUST ADJUSTMENT** |

A sentencing hearing in the above case is currently schedule for Monday, January 12, 2026 at 1:30 p.m.  (Doc. No. 165.)  On October 27, 2025, U.S. Probation filed a presentence investigation report.  (Doc. No. 155.)  On January 5, 2026, the Government filed a sentencing summary chart and a sentencing memorandum.  (Doc. Nos. 171, 172.)  In the PSR and the Government's sentencing chart and memorandum, the Government and U.S. Probation request a two-level upward adjustment for abuse of position of trust pursuant to U.S.S.G. § 3B1.3.  (Id.)  Defendant opposes this request.  (See Doc. No. 173.)

In advance of the January 12, 2026 sentencing hearing, the Court requests supplemental briefing on the Government's and U.S. Probation's request for a two-level upward adjustment for abuse of position of trust.  The parties may file the requested

supplemental briefing, citing relevant authorities by **Monday, January 12, 2026** at **9:00 a.m.**

The parties' supplemental briefing must address the following authorities: U.S.S.G. § 3B1.3, app. n.1 ("'Public or private trust' refers to a position of public or private trust characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference). Persons holding such positions ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature."); United States v. Douglas, 885 F.3d 124, 135 (3d Cir. 2018) (en banc) ("The Government argues that Douglas is subject to the enhancement because he had been granted a security clearance and an AOA badge, allowing him to move freely through the airport. This may demonstrate that the airline and the TSA trusted Douglas, but it does not show that he held a position of trust, as defined by the Guideline. The mere fact that someone trusted the defendant does not satisfy the Guideline's definition. Rather, as we have explained, § 3B1.3 requires professional or managerial discretion."); United States v. Parrilla Roman, 485 F.3d 185, 191 (1st Cir. 2007) ("Without more, the security clearance awarded to Ortiz and Parrilla cannot transmogrify a menial position into a position of trust.").

**IT IS SO ORDERED.**

DATED: January 8, 2026

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

2